UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LESLIE ELLIS THOMAS, on behalf of himself and all others similarly situated,<br>　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>VERIFIRST BACKGROUND SCREENING, LLC;<br>TRANSUNION, LLC,<br><br>　　　　　　　　Defendants. | CLASS ACTION<br><br><br>C.A. NO.<br><br>JURY TRIAL DEMANDED |

# COMPLAINT - CLASS ACTION

## INTRODUCTION

1.　　Plaintiff brings this class action against Defendants to obtain relief for himself and the class he proposes to represent for violations of the Federal Fair Credit Reporting Act (FCRA), 15 U.S.C. 1681, *et seq*.

2.　　Defendants operate as consumer reporting agencies to prepare and furnish consumer reports for employment and other purposes. Defendants furnished these consumer reports to prospective and existing employers of the Plaintiff and the putative class. Many of these employers did thereafter refuse to hire or did discharge Plaintiff and other consumers based in whole or in part on the consumer reports.

3.　　Plaintiff alleges an individual claim under 15 U.S.C. §1681e(b), which required that Defendant use "reasonable procedures to assure maximum possible accuracy" in the publication of Mr. Thomas' consumer report. Plaintiff had received a tentative job offer conditioned upon his employment background check. The background check that Defendants

then sold to the employer was grossly inaccurate – most significantly because it reported that the Plaintiff was a National Sex Offender. Defendants had mixed the criminal history of a stranger with the same first and last name into the Plaintiff's report, even though that person shared nothing else in common. The Plaintiff did not then get the job.

4. Plaintiff also alleges a class claim under 15 U.S.C. §1681k because neither Defendant provided Plaintiff and other similarly situated consumers timely and lawful notice that it was furnishing an employment purposed consumer report at the time it did so. This important requirement is intended to provide consumers immediate notice of the furnishing of the employment report and details necessary to preemptively contact the reporting agency to obtain and as appropriate correct information in the furnished report. It also was intended to alert the consumer to the employer's use of the report to provide them the opportunity to address any concerns or derogatory history in the report directly with the employer. Defendant VeriFirst provided a delayed and incomplete notice, while Defendant TransUnion provided no notice at all. Defendants' failure to comply with these long standing requirements denied the Plaintiff and each putative class member these important rights.

## JURISDICTION AND VENUE

5. The Court has federal question jurisdiction under the FCRA, 15 U.S.C. §1681p.

6. Venue is proper in this Court under 28 U.S.C. § 1391(b) as the Defendants both reside and are based here, the facts and events in the case occurred here and the Plaintiff resides here.

## PARTIES

5. Leslie Ellis Thomas (hereinafter "Plaintiff") is a "consumer" as protected and

governed by the FCRA.

6. Defendant VeriFirst Background Screening, LLC ("VeriFirst") operates as a "consumer reporting agency" as defined and governed by the FCRA.

7. Defendant TransUnion, LLC ("TransUnion"), itself primarily a credit reporting agency, acquired Vantage Data Solutions Inc., a criminal records reporting agency, and absorbed its business into its own "nationwide consumer reporting agency" under the tradenames "TransUnion" and "TransUnion Background Data Solutions". It is a consumer reporting agency that sells employment reports in conjunction with other agencies, such as VeriFirst, and sells consumer reports in all instances. At all times relevant hereto it was a "consumer reporting agency" as defined and governed by the FCRA.

## FACTUAL ALLEGATIONS

8. In or around early May, 2010, plaintiff attended a job interview with prospective employer, Pyromet, an X-ray film cleaning company.

9. The aforesaid interview lasted 2 ½ hours at the end of which plaintiff was informed that he had a start date for employment at Pyromet of May 17, 2010, subject to a background check being conducted.

10. Unbeknownst to Plaintiff at the time, Pyromet, apparently through an intermediary Lorgus CFO Services, LLC ("Lorgus"), requested the background check consumer report from VeriFirst, who then purchased a report to rebrand from TransUnion.

11. The VeriFirst/TransUnion report obtained after the fact by Plaintiff indicates that the report was furnished by the Defendants on May 14, 2010 (a Friday).

12. Upon information and belief, Plaintiff alleges that TransUnion furnished a

consumer report regarding the Plaintiff to VeriFirst, which then furnished a report regarding the Plaintiff to either Pyromet or Lorgus.

13. The report furnished by TransUnion was furnished for an employment purpose.

14. The report furnished by VeriFirst was furnished for an employment purpose.

15. Thereafter, the Plaintiff received a letter from VeriFirst (attached as Exhibit "A"). The letter was dated May 15, 2010 (a Saturday), but was not received for a long period after that date.

16. Upon information and belief, the Plaintiff alleges that the letter was not in fact mailed on May 15, 2010 or "at the time" VeriFirst furnished the subject report to Pyromet/ Lorgus.

17. VeriFirst's notice letter did not identify the entity or person to whom it actually furnished the report. For example, even today the Plaintiff has not received a report from his prospective employer and does not know even for drafting these allegations whether the report was furnished to Lorgus or Pyromet.

18. No letter or other communication was ever received by the Plaintiff from TransUnion.

19. During this process, the Plaintiff did not receive any written notice or a copy of his consumer report from either Pyromet or Lorgus.

20. On May 17, 2010, Plaintiff contacted Pyromet to see if the background check had been received. He did not receive a response.

21. On May 19, 2010, Plaintiff called Pyromet back and was told the employee who handled the background checks was not there.

22. On Thursday, May 20, 2010, Plaintiff called Pyromet back and was then first informed, over the telephone, that Pyromet received the background check from VeriFirst.

23. During the same aforesaid phone call, plaintiff asked to speak to the Pyromet employee who was to schedule him for training to which Pyromet replied that the requested employee was not available and would call him back.

24. Having not heard back from Pyromet, Plaintiff called on May 24, 2010 and May 26 and was informed each time that the requested employee was not available to speak to him.

25. Plaintiff called Pyromet on May 28, 2010, and was now put off in a cold manner by the Pryomet employee answering his call.

26. Sometime after June 8, 2010, VeriFirst mailed a copy of the report to the Plaintiff.

27. The subject consumer report was created by both Trans Union and VeriFirst.

28. Upon receiving the report, plaintiff was surprised to learn that Defendants had inaccurately included a public record criminal record labeling him a National Sex Offender. The report contained information that did not belong to Plaintiff. Defendants had inaccurately mixed identity with that of a totally unrelated person. The inaccurate information included public record information likely to have an adverse affect upon Plaintiff's ability to obtain employment.

29. Defendants included the sex offense record in the Plaintiff's consumer report because the actual third party who suffered such a conviction and label had the same first and last name as the Plaintiff.

30. However, not withstanding the stranger's first and last name, the record Defendants incorrectly attributed to the Plaintiff evidenced a different middle name, a different age and date of birth, a different address and it did not match the Plaintiff's social security

number.

31. In creating and furnished the Plaintiff's consumer report, Defendants failed to follow reasonable procedures to assure that the report was as accurate as maximally possible. For example, they allowed and/or used very loose match criteria to determine whether to include information pertaining to a stranger with a different middle name, date of birth and social security number living at a different address within Plaintiff's consumer report.

32. Defendants' failure to follow these reasonable procedures was a substantial factor in the rejection of Plaintiff's employment application and other related actual harm he suffered. As a result of the consumer report, Pyromet withdrew its conditional offer of employment.

33. Despite providing a report for employment purposes to Plaintiff's and putative class members' prospective employers containing public record information likely to have an adverse affect upon their ability to obtain or maintain employment, Defendants failed to provide notice "at the time" of the fact that the public record information was being reported by it, together with the name and address of the person(s) to whom such information was being reported.

34. On information and belief, Plaintiff alleges that Defendants did not attempt for any consumer to follow the option available at 15 U.S.C. §1681k(a)(2), which requires a consumer reporting agency to actually contact the original source of public records information (e.g. the Court clerk) immediately before furnishing a report which includes such information. Title 15 U.S.C. §1681k(a)(2) is thus inapplicable to the consumer reports at issue in this case.

35. Defendants knew or should have known about their legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in the

promulgations of the Federal Trade Commission.

36. Defendants obtained or had available substantial written materials that apprised them of their duties under the FCRA.

37. Despite knowing of these legal obligations, Defendants acted consciously in breaching their known duties and depriving Plaintiff and other members of the class of their rights under the FCRA.

## CLASS ACTION ALLEGATIONS

38. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

39. **The TransUnion Class.** Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action for himself and on behalf of a class (the "Class") initially defined as follows:

> All natural persons residing in the United States (including all territories and other political subdivisions of the United States) (a.) who were the subject of a TransUnion consumer report (b.) that was furnished for an employment purpose, (c.) that contained at least one record of a criminal conviction or arrest, sex offender status, civil lien, bankruptcy or civil judgment (d.) within two years next preceding the filing of this action and during its pendency, and (e.) to whom TransUnion did fail to mail (place in the United States mail postage pre-paid), on the day it furnished the report, a written notice that it was furnishing the subject report and containing the name of the person that was to receive the report. Excluded from the class definition are any employees, officers, directors of Defendants, any attorney appearing in this case, and any judge assigned to hear this action.

40. **The VeriFirst Class**. Plaintiff also alleges this additional Class, of which Plaintiff is a member:

>All natural persons residing in the United States (including all territories and other political subdivisions of the United States) (a.) who were the subject of a VeriFirst consumer report (b.) that was furnished for an employment purpose, (c.) that contained at least one record of a criminal conviction or arrest, sex offender status, civil lien, bankruptcy or civil judgment (d.) within two years next preceding the filing of this action and during its pendency, and (e.) to whom VeriFirst did fail to mail (place in the United States mail postage pre-paid), on the day it furnished the report, a written notice that it was furnishing the subject report and containing the name of the person that was to receive the report. Excluded from the class definition are any employees, officers, directors of Defendants, any attorney appearing in this case, and any judge assigned to hear this action.

41. **Numerosity. FED. R. CIV. P. 23(a)(1).** The Class members are so numerous that joinder of all is impractical. The names and addresses of the Class members are identifiable through documents maintained by the Defendant, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

42. **Existence and Predominance of Common Questions of Law and Fact. FED. R. CIV. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Class. Without limitation, the total focus of the litigation will be Defendants' uniform conduct and procedures, whether Defendants sent the required notices, when they did so and whether Defendants acted willfully in their failure to design and implement procedures to assure compliant delivery and/or timing of these notices. Even the appropriate amount of uniform statutory and/or punitive damages under 15 U.S.C. §1681n is a common question.

43. **Typicality. FED. R. CIV. P. 23(a)(3)).** Plaintiff's claims are typical of the claims of each Class member. Plaintiff seeks only statutory and punitive damages. In addition, Plaintiff is entitled to relief under the same causes of action as the other members of the Class.

44. **Adequacy.** Plaintiff is an adequate representative of the Class because his interests coincide with, and are not antagonistic to, the interests of the members of the Class he seeks to represent, he has retained counsel competent and experienced in such litigation, and he intends to prosecute this action vigorously. FED. R. CIV. P. 23(a(4). Plaintiff and his Counsel will fairly and adequately protect the interests of members of the Class.

45. **Superiority.** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. FED. R. CIV. P. 23(b)(3). The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

46. **Injunctive Relief Appropriate for the Class.** Class certification is appropriate because Defendant has acted on grounds generally applicable to the Class, making appropriate equitable injunctive relief with respect to Plaintiff and the Class members. FED. R. CIV. P.

23(b)(2).

## CLAIMS FOR RELIEF

### COUNT I - VIOLATION OF THE FCRA § 1681k(a)(1)
### (CLASS ACTION)

47. Plaintiff reiterates each of the allegations in the preceding paragraphs as if set forth at length herein.

48. Defendants' failure to timely provide the required FCRA notices to the Plaintiff and other members of the putative class violated 15 U.S.C. §1681k(a)(1).

49. The conduct, action, and inaction of Defendants were willful, rendering each liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

50. Plaintiff and other members of the putative class are entitled to recover costs and attorney's fees as well as appropriate equitable relief from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

51. As a result of these FCRA violations, Defendants are each liable to Plaintiff and to each Class Member, for statutory damages from $100.00 to $1,000.00 pursuant to 15 U.S.C. §1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. §1681n(a)(2), and for attorneys fees and costs pursuant to §1681n.

### COUNT II - FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681e(b)
### (INDIVIDUAL CLAIM)

52. Plaintiff reiterates each of the allegations in the preceding paragraphs as if set forth at length herein.

53.  Defendants violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report they furnished regarding the Plaintiff.

54.  As a result of this conduct by the Defendants the Plaintiff suffered actual damages, including without limitation, by example only and as described herein on his behalf by counsel: loss of employment, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

55.  Defendants' violations of 15 U.S.C. §1681e(b) were willful, rendering each Defendant liable pursuant to 15 U.S.C. §1681n.  In the alternative, the Defendants were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

56.  The Plaintiff is entitled to recover actual damages and/or statutory damages, punitive damages, costs and attorney's fees from each Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## JURY TRIAL DEMAND

57.  Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

a.  That an order be entered certifying the proposed Classes under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the Class;

b.  That judgment be entered for Plaintiff individually against Defendants

individually for actual and/or statutory damages and punitive damages for violation of 15 U.S.C. §1681e(b), pursuant to 15 U.S.C. §§ 1681n and 1681o;

c. That judgment be entered for the class against Defendants for statutory damages and punitive damages for violation of 15 U.S.C. § 1681k(a) pursuant to 15 U.S.C. § 1681n;

d. That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. §§ 1681n and 1681o; and,

e. That the Court grant such other and further relief as may be just and proper.

Dated: March 11, 2011

RC935
ROBERT P. COCCO, P.C.
By:  Robert P. Cocco, Esquire
Pa. Id. No. 61907
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
215-351-0200
rcocco@rcn.com

/s/Leonard A. Bennett,
VSB #37523
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 201
Newport News, Virginia 23606
(757) 930-3660
(757) 930-3662 facsimile
*Pro Hac Vice Pending*

James A. Francis
Francis & Mailman, P.C.
100 S. Broad Street
19th Floor
Philadelphia, PA 19110
(215) 735-8600
jfrancis@consumerlawfirm.com

Attorneys for Plaintiff and the Class