# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| LESLIE ELLIS THOMAS, on behalf of himself and all others similarly situated, | : : : : | Case No. 2:11-cv-02461-PD |
| Plaintiff, | : : : | |
| vs. | : : : | |
| VERIFIRST BACKGROUND SCREENING, LLC; TRANSUNION, LLC, | : : : | |
| Defendants. | : : : | |

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS COMPLAINT

SHERMAN SILVERSTEIN KOHL ROSE & PODOLSKY, P.A.
BRUCE S. LUCKMAN
308 HARPER DRIVE, STE. 200
MOORESTOWN, NJ 08057
(865) 663-1503; FAX:  (856) 662-0165
bluckman@shermansilverstein.com

STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND (PRO HAC VICE)
STEPHEN J. NEWMAN (PRO HAC VICE)
CATHERINE HUANG (PRO HAC VICE)
*Counsel for Defendant,*
*TransUnion LLC*

GERMAN, GALLAGHER & MURTAGH
WILLIAM D'ANNUNZIO
200 S. BROAD STREET, SUITE 500
PHILADELPHIA, PA 19102
(215) 875-4017; FAX:  (215) 732-4182
dannunziow@ggmfirm.com
*Counsel for Verifirst Background Screening,*
*LLC*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................................... ii

I.    INTRODUCTION .......................................................................................................1

II.   ARGUMENT................................................................................................................2

    A.   Plaintiff's Claim Under Section 1681k Fails. ...................................................2

        1.   Plaintiff's Claim Requires An Impermissible Interpretation Of
            The FCRA That Infringes On Defendants' First Amendment Rights. ........................2

        2.   The Consumer Report At Issue Is A Form Of Protected Speech. ...............................5

        3.   Plaintiff Has Not Pleaded A Sufficient Basis For The Recovery Of
            Damages Based Upon A Violation of Section 1681k.................................................6

    B.   Plaintiff Has Not Pleaded The Requirements Necessary To Establish
       Defendants' Violation Of Section 1681e(b). .......................................................7

    C.   Plaintiff Has Not Pleaded That Defendants' Purported Violations
       of the FCRA Were Willful Under Section 1681n.................................................11

III.  CONCLUSION...........................................................................................................13

LA 51436609v4

# TABLE OF AUTHORITIES

**Page(s)**

C<small>ASES</small>

Barbera v. WMC Mortg. Corp.,
  No. C 04-3738(SBA), 2006 WL 167632 (N.D. Cal. Jan. 19, 2006)....................................6, 8

Cortez v. TransUnion, LLC,
  617 F.3d 688 (3d Cir. 2010)..............................................................................9, 10, 11

Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.,
  472 U.S. 749, 105 S. Ct. 2939, 86 L. Ed. 2d 953 (1985)........................................................5

Florida Star v. BJF,
  491 U.S. 524, 109 S. Ct. 2603, 105 L. Ed. 2d 443 (1989)........................................................3

Groff v. Day and Zimmerman, Inc.,
  Civ. A. No. 94-2710, 1994 WL 475232 (E.D. Pa. Aug. 30, 1994)...........................................8

Lujan v. Defenders of Wildlife,
  504 U.S. 555, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)........................................................7

Perkins v. Silverstein,
  939 F.2d 463 (7th Cir. 1991) .............................................................................6, 8

Price v. Trans Union, LLC,
  737 F. Supp. 2d. 281 (E.D. Pa. 2010) .......................................................................11

Safeco Ins. Co. of Am. v. Burr,
  551 U.S. 47, 127 S. Ct. 2201, 167 L. Ed. 2d 1045 (2007)........................................................11

Sathianathan v. Smith Barney, Inc.,
  No. C 04-2130 SBA, 2004 WL 3607403 (N.D. Cal. Jun. 6, 2005) ......................................6, 8

Schweitzer v. Equifax Info. Services LLC,
  No. 08-478, 2010 WL 3809891 (W.D. Pa. Sept. 21, 2010)............................................4, 8, 9

Sorrell v. IMS Health, Inc.,
  No. 10-779, 2011 WL 2472796 (U.S. June 23, 2011) ................................................... passim

Stewart v. Credit Bureau, Inc.,
  734 F.2d 47 (D.C. Cir. 1984)..............................................................................8

TransUnion Corp. v. FTC,
  245 F.3d 809 (D.C. Cir. 2001) .............................................................................5

U.S. v. Playboy Entm't Group, Inc.,
  529 U.S. 803, 120 S. Ct. 1878, 146 L. Ed. 2d 865 (2000).......................................................3

**STATUTES**

15 U.S.C. § 1681e(b) ...................................................................................................... passim

15 U.S.C. § 1681k............................................................................................................ passim

15 U.S.C. § 1681n.......................................................................................................10, 11, 12

15 U.S.C. § 1681o............................................................................................................8, 10

Mont. Code § 46, Ch. 23, Pt. 5, sec. 508 (amd. § 11, Ch. 375, L. 1997)........................................5

LA 51436609v4

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| | : | |
| LESLIE ELLIS THOMAS, on behalf of himself | : | |
| and all others similarly situated, | : | Case No. 2:11-cv-02461-PD |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| VERIFIRST BACKGROUND SCREENING, LLC; | : | |
| TRANSUNION, LLC, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS'
MOTION TO DISMISS COMPLAINT**

**I.      INTRODUCTION**

Plaintiff's Opposition completely fails to address a major development in United States

First Amendment law, the United Supreme Court case of Sorrell v. IMS Health, Inc., No. 10-

779, 2011 WL 2472796 (U.S. June 23, 2011), decided after the filing of Defendant's initial

Motion to Dismiss but before the filing of Plaintiff's Opposition.  Under Sorrell, the claim

pleaded under 15 U.S.C. § 1681k is plainly defective and should be dismissed without leave to

amend.

Among other things, Sorrell states that "dissemination of information [is] speech within

the meaning of the First Amendment," even if the information is disseminated for profit.  Id., at

*12.  "An individual's right to speak is implicated when information he or she possesses is

subjected to 'restraints on the way in which the information might be used' or disseminated."

Id., at 10.  Accordingly, "heightened judicial scrutiny is warranted" where the restriction is

"designed to impose a specific, content-based burden on protected expression."  Id., at *8.

LA 51436609v4

Because Plaintiff urges an interpretation of Section 1681k that would require Defendants to delay transmission of truthful information contained in government records, in addition to requiring them to incur uncompensated burden and expense to send notice to Plaintiff (burden and expense not imposed on speakers who are not "consumer reporting agencies"), the claim is fundamentally inconsistent with the Sorrell principles and should not be allowed to proceed.

As for Plaintiff's claim under 15 U.S.C. § 1681e(b), this claim should be dismissed because the elements of inaccuracy and causation are inadequately pleaded. Plaintiff all but admits the inadequacy of the present Complaint, and attempts to rescue it by citing allegations and documents not included within it. This new material, however, may not be considered on the present Motion to Dismiss. Moreover, even if it were to be considered, it supports Defendants' position. The report in question never stated that there was a "match" with Plaintiff. Rather, instead of an attribution, the name information from the public record was returned, along with a question mark, signaling a suggestion for further inquiry.

Accordingly, this Court should grant the Motion to Dismiss.

## II.   ARGUMENT

### A.   Plaintiff's Claim Under Section 1681k Fails.

#### 1.   Plaintiff's Claim Requires An Impermissible Interpretation Of The FCRA That Infringes On Defendants' First Amendment Rights.

The recent United States Supreme Court decision in Sorrell bars Plaintiff's Section 1681k claim. See 2011 WL 2472796. In Sorrell, the Supreme Court struck down a Vermont law regulating data sales because the law imposed a burden based on the content of speech and the identity of speaker. Id., at *17. The Sorrell Court stated that "dissemination of information," even if for profit, is "speech within the meaning of the First Amendment." Id., at *12. "An individual's right to speak is implicated when information he or she possesses is subjected to

'restraints on the way in which the information might be used' or disseminated." Id., at *10.

Indeed, the Court recognized that "restrictions on the <u>disclosure of government-held information</u>

can facilitate or burden the expression of potential recipients and so transgress the First

Amendment." Id., at *11 (emphasis added).[1]  The Court further recognized that "the 'distinction

between laws burdening and laws banning speech is but a matter of degree,'" and declared that

"[l]awmakers may no more silence unwanted speech by burdening its utterance than by

censoring its content." Id., at *8 (internal citations omitted).  Thus, to "ensure that the State's

interests are proportional to the resulting burdens placed on speech . . . [and] that the law does

not seek to suppress a disfavored message," the Court held that "heightened judicial scrutiny is

warranted" where the restriction is "designed to impose a specific, content-based burden on

protected expression." Id., at *16.  To sustain such burdens under a heightened level of scrutiny,

the statute must be shown to directly advance a substantial governmental interest and to prescribe

a measure that is drawn to achieve that interest.  Id.; see also U.S. v. Playboy Entm't Group, Inc.,

529 U.S. 803, 816, 120 S. Ct. 1878, 146 L. Ed. 2d 865 (2000) ("Content-based regulations are

presumptively invalid."); Florida Star v. BJF, 491 U.S. 524, 540, 109 S. Ct. 2603, 105 L. Ed. 2d

443 (1989) ("When a State attempts the extraordinary measure of punishing truthful publication

in the name of privacy, it must demonstrate its commitment to advancing this interest by

applying its prohibition evenhandedly . . . .").  Plaintiff addresses <u>none</u> of these principles in his

Opposition.

   Plaintiff seeks to have this Court interpret the FCRA so that it can penalize Defendants

for disseminating truthful information of public concern contained in governmental records.

This proposed interpretation directly violates Defendants' First Amendment rights under <u>Sorrell</u>.

---

[1] As explained in greater detail below, Defendants are being sued for <u>truthfully</u> describing
information in public records.

-3-

Plaintiff would hold Defendants liable for communicating information that may have "an adverse effect upon a consumer's ability to obtain employment" unless they simultaneously notify Plaintiff of the communication. Speakers who are not "consumer reporting agencies" as defined in the FCRA (such as a newspaper, Google, or Pyromet's own employees, who might use Google to find the same information and transmit it to others within the company) are subject to no similar restriction or condition on their communications. Those who are not consumer reporting agencies may disclose what they learn from government websites without any requirement that they notify Plaintiff that they are doing so.

Plaintiff also is asking the Court to restrain Defendants' use and dissemination of public record information simply because it contains a potentially "adverse" message – thus placing an improper content-based burden on Defendants' speech. The restrictions are content-based because only information "adverse" to the "consumer's ability to obtain employment," whether true or false, is subject to Section 1681k. False information that may help the consumer get a job is <u>not</u> subject to Section 1681k, even though dissemination of such information may harm the user of the report (the prospective employer). In other words, only speech in a particular direction ("adverse" to the consumer) is singled out for special burdens. Thus, based on the standard established in <u>Sorrell</u>, Plaintiff's interpretation of Section 1681k may not stand unless it satisfies "heightened judicial scrutiny."

Through the FCRA, Congress sought to, among other things, "prevent consumers from being unjustly damaged because of inaccurate or arbitrary information in a credit report." <u>See</u> <u>Schweitzer v. Equifax Info. Services LLC</u>, No. 08-478, 2010 WL 3809891, at *10 (W.D. Pa. Sept. 21, 2010). However, the restraint on Defendants' speech required under Plaintiff's interpretation of the FCRA is not "a measure drawn to achieve that interest." Because the type

of disputed information being communicated here was derived from publicly-available information that any person (not just a consumer reporting agency) can access, distribute, and/or use without providing any notice to the consumer who is the subject of such information, Section 1681k is not narrowly drawn to achieve the stated governmental interest.  As <u>Sorrell</u> instructs, "the choice 'between the dangers of suppressing information and the dangers of its misuse if it is freely available' is one that 'the First Amendment makes for us.'"  <u>Sorrell</u>, 2011 WL 2472796, at *16.  Accordingly, the First Amendment does not permit consumer reporting agencies such as Defendants – and only consumer reporting agencies – to be penalized for transmitting public information without notice to the consumer, merely because that information is deemed "adverse," based upon how third parties ultimately might misuse or misinterpret it.  Because Plaintiff's interpretation of Section 1681k, if adopted by the Court, would infringe impermissibly on Defendants' First Amendment rights, Plaintiff's Section 1681k claim is barred.

### 2.       The Consumer Report At Issue Is A Form Of Protected Speech.

This Court also should reject Plaintiff's argument (<u>see</u> Pl.'s Br. 20) that a credit report or background check does not address matters of public concern and therefore is not protected by the First Amendment.  Plaintiff's argument is based on an incorrect reading of <u>TransUnion Corp. v. FTC</u>, 245 F.3d 809 (D.C. Cir. 2001), and <u>Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.</u>, 472 U.S. 749, 105 S. Ct. 2939, 86 L. Ed. 2d 953 (1985), and is superseded by <u>Sorrell</u>.  Reports such as the one at issue contain information that a state government deems important and places into the public domain.[2]  <u>See</u> Mont. Code § 46, Ch. 23, Pt. 5, sec. 508 (amd. § 11, Ch. 375, L. 1997) ("WHEREAS, the Legislature finds that . . . providing access to limited information about certain sexual offenders to the general public will further the primary governmental interest of

---

[2] By contrast, the data at issue in <u>FTC</u> and <u>Dun & Bradstreet</u> was not already publicly available. <u>See</u> <u>FTC</u>, 245 F.3d at 819; <u>Dun & Bradstreet</u>, 472 U.S. at 751.

LA 51436609v4

protecting specific vulnerable groups and the public in general from potential harm."). Crime

registries exist because individuals convicted of a crime are unlikely to be truthful about their

criminal history and the public therefore has a right to broad access to data in such registries.

Sorrell supports this view, as it favors broad access to data and expressly cites Dun &

Bradstreet's statement that a "credit report is 'speech'" for the proposition that the

"dissemination of information [is] speech within the meaning of the First Amendment." Sorrell,

2011 WL 2472796, at *12.

> ### 3.   Plaintiff Has Not Pleaded A Sufficient Basis For The Recovery Of Damages Based Upon A Violation of Section 1681k.

Although Plaintiff's Section 1681k claim is barred by the First Amendment, it also is not

pleaded sufficiently per the statute's own terms.

Although Plaintiff devotes several pages of his Opposition to arguing that Defendants did

not comply with the procedures prescribed by Section 1681k(a)(2), no such allegation appears in

the Complaint, where it is required. See Perkins v. Silverstein, 939 F.2d 463, 470 n.6 (7th Cir.

1991) ("As a general rule, a complaint may not be amended by briefs in opposition to a motion

to dismiss."); Barbera v. WMC Mortg. Corp., No. C 04-3738(SBA), 2006 WL 167632, at *2 n.4

(N.D. Cal. Jan. 19, 2006) ("It is axiomatic that the complaint may not be amended by briefs in

opposition to a motion to dismiss.") (quoting Car Carriers, Inc. v. Ford Motor Co., 745 F.2d

1101, 1107 (7th Cir. 1984)); Sathianathan v. Smith Barney, Inc., No. C 04-2130 SBA, 2004 WL

3607403, at *9 (N.D. Cal. Jun. 6, 2005). The Complaint does not allege that the information in

the report issued to Lorgus was not "complete" or "up to date" or how it was not "complete" or

"up to date." The Complaint does not contain any allegation describing the procedures followed

by Defendant, let alone the inadequacy of such procedures. And finally, the Complaint does not

LA 51436609v4

allege what procedures different from those followed by Defendants would have resulted in transmission of different information.

Finally, Plaintiff fails to establish that he has standing to pursue a claim under Section 1681k.  See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992).  Plaintiff claims that had he received contemporaneous notice under Section 1681k(a)(1), he would have had an opportunity to learn that Pyromet was checking his background and he would have had the chance to address the contents of the report before Pyromet acted on it (See Pl.'s Br. 5-6.)  However, Plaintiff has already admitted that he had such an opportunity.  Plaintiff alleges that after his interview with Pyromet in or around early May, 2010, he "was informed that he had a start date for employment at Pyromet of May 17, 2010, subject to a background check being conducted."  (See Compl., ¶ 9 (emphasis added).)  This admission establishes that Plaintiff had notice that Pyromet would be receiving and reviewing background information about the Plaintiff, and that Plaintiff would not be permitted to begin work until after the background check was completed.  Plaintiff also alleges, "On May 17, 2010, Plaintiff contacted Pyromet to see if the background check had been received."  (See Compl., ¶ 20 (emphasis added).)  These admissions establish that notice under Section 1681k(a)(1), even if transmitted simultaneously, simply would have told him what he already knew:  a background check was being performed on him.  Accordingly, any alleged defect in notice could not have caused him any harm, and Plaintiff therefore lacks standing to pursue a claim under Section 1681k.  See Lujan, 504 U.S. at 560-61.

**B.    Plaintiff Has Not Pleaded The Requirements Necessary To Establish Defendants' Violation Of Section 1681e(b).**

Plaintiff's "maximum possible accuracy" claim under Section 1681e(b) fares no better than his notice claim under Section 1681k.  In his Opposition, Plaintiff asserts that "Defendants

-7-

sold a report about him to a potential employer," that "the report contained inaccurate

information," "that the inaccuracy is as [sic] a result of Defendants' failure to utilize reasonable

procedures," and "these unreasonable procedures permitted inaccurate sex offender records to be

attributed to Plaintiff and included in his report." (See Pl.'s Br. 16.)  Absent from Plaintiff's list

are allegations of how the report is purportedly inaccurate and how that inaccuracy caused

Pyromet to reject Plaintiff's employment application, two elements necessary to recover under

Section 1681o for a Section 1681e(b) violation.  See Schweitzer, 2010 WL 3809891, at *12.  Nor

does Plaintiff allege what more reasonable procedures would have resulted in a different, more

accurate report.  See Stewart v. Credit Bureau, Inc., 734 F.2d 47, 51 (D.C. Cir. 1984) ("a plaintiff

cannot rest on a showing of mere inaccuracy, shifting to the defendant the burden of proof on the

reasonableness of procedures for ensuring accuracy:  There is no indication that Congress meant

to so shift the nominal plaintiff's burden of proof as to requisite components of a claim based on

a statutory violation.").

Plaintiff's submission of new (albeit heavily-redacted) material with his Opposition is a

tacit admission that the original Complaint did not adequately allege his claim.  In his

Opposition, he claims "it is appropriate and necessary to set the record straight."  (See Pl.'s Br. 8,

Ex. A.)  But Plaintiff already had his opportunity to establish "the record" in the Complaint, and

his failure to allege facts (and provide exhibits) essential to his claim cannot be retroactively

remedied through his Opposition.[3]  See Groff v. Day and Zimmerman, Inc., Civ. A. No. 94-2710,

---

[3] In Exhibit B to the Opposition, Plaintiff improperly submits extra-record and unauthenticated
material about a website that Plaintiff says contains information additional to the information
Defendants obtained.  Notably, nothing in this submission shows that the information Defendants
are alleged in the Complaint to have disseminated is false.  To the extent Plaintiff contends that
Defendants should have searched sources additional to the ones they did search, those allegations
should be made in a properly formulated pleading, rather than in an opposition brief.
Accordingly, Exhibit B should be disregarded on the present motion.

LA 51436609v4

1994 WL 475232, at *2 (E.D. Pa. Aug. 30, 1994) (granting Defendants' motion to dismiss

because Plaintiffs' argument in opposition to the motion to dismiss could not cure the defects in

the complaint); see also Perkins, 939 F.2d at 470 n.6; Barbera, 2006 WL 167632, at *2 n.4;

Sathianathan, 2004 WL 3607403, at *9.  Moreover, the new material contradicts the allegation of

the Complaint.  The new material does not show that the public record information was

inaccurately attributed to Plaintiff.  Indeed, the report Plaintiff introduces as Exhibit A to his

Opposition indicates with the presence of a question mark next to "Sex Offense Record" that

there is a question with regard to the public record information at issue in this action.  Plaintiff

also fails to allege that his injury was caused by the transmission of data to Lorgus, the only

party with which Defendant Verifirst dealt.[4]  See Schweitzer, 2010 WL 3809891, at *12.

Nothing is alleged about what Lorgus told the employer Pyromet.  Although Plaintiff concludes

that "Defendants' failure to follow these reasonable procedures was a substantial factor in the

rejection of Plaintiff's employment application," he fails to allege any concrete facts supporting

this conclusion.  Plaintiff does not include any factual allegations establishing that Defendants'

purported violation of Section 1681e(b) caused Pyromet to withdraw its conditional offer of

employment – particularly because it is undisputed that neither Defendant ever dealt directly

with the employer, Pyromet.  Plaintiff only alleges that he had difficulty contacting a specific

employee at Pyromet after his interview, and that he was eventually "put off in a cold manner by

the Pyromet employee answering his call."  (See Compl., ¶¶ 20-25).  These facts do not portray

the kind of causal relationship that Plaintiff must establish to show a violation of Section

1681e(b).  Nor can Plaintiff argue that he needs discovery to establish why Pyromet acted as it

did or what Lorgus said to Pyromet.  Plaintiff had the chance to take this discovery in his original

---

[4] And Defendant TransUnion only dealt with Verifirst.

LA 51436609v4

lawsuit against Pyromet and Lorgus, but he chose to dismiss that suit the day before he sued

Defendants here.

Plaintiff's citation to <u>Cortez v. TransUnion, LLC</u>, 617 F.3d 688 (3d Cir. 2010), does not

help him either.  Even based on the new document Plaintiff submits, <u>Cortez</u> is plainly

distinguishable.  In <u>Cortez</u>, when Sandra Cortez applied for an automobile loan, the report issued

about her stated "NAME MATCHES NAME ON THE OFAC DATABASE."  <u>Cortez</u>, 617 F.3d

at 699.  However, the actual name on the database was Sandra Cortes Quintero, so there was no

first-name/last-name match, as there is in the present case.  <u>Id.</u>  Moreover, the Department of the

Treasury (which maintains the OFAC database) stated that the term "match" should not be used

in relation to the OFAC database unless the credit bureau had definitively "verified" that the

person searched was in fact the person described on the database.  <u>Id.</u> at 700.  Thus, the

automobile dealer in <u>Cortez</u> who saw the words "NAME MATCHES" would have had reason to

believe that such verification had occurred.  Even so, this was only a basis for a finding of a

negligent violation (under 15 U.S.C. § 1681o), and plaintiff's argument that a reckless or willful

violation occurred (under 15 U.S.C. § 1681n) was rejected.  <u>Cortez</u>, 617 F.3d at 722.

Here, by contrast, no violation of Section 1681e(b) occurred because neither Defendant

ever represented that Plaintiff's name "matches" the name in the government records.  Rather,

Exhibit A to Plaintiff's Opposition shows that a question mark was placed on the report

indicating that there is a question with regard to the public record information, and the document

also states the actual name located in the public record (Leslie Ray Thomas).  Moreover, the

report further suggests the user to "review details" of the public record information that has

presented a question.  <u>Compare</u> <u>Cortez</u>, 617 F.3d at 708-09 ("The alert on Cortez's credit report

does not state that the names are 'similar'. . . or that a match is 'possible.'  It reported a

-10-

'match' . . . ."). Because Plaintiff does not dispute the truthfulness of the information

Defendants provided – that someone with the same first and last name as Plaintiff, but a different

middle name, appeared in the government records – the claim under Section 1681e(b) cannot

proceed.[5] <u>Defendants did not inaccurately report a "match".</u> Accordingly, all claims predicated

on alleged violations of Section 1681e(b) should be dismissed.

     **C.**      **Plaintiff Has Not Pleaded That Defendants' Purported Violations of the FCRA Were Willful Under Section 1681n.**

Even if Plaintiff's Complaint could somehow be read to establish that Defendants

violated Section 1681k or 1681e(b), Plaintiff has not adequately pleaded that Defendants'

violations were willful under Section 1681n. (Indeed, even in <u>Cortez</u> no willful violation of

Section 1681e(b) was established.)

Plaintiff's assertion that Defendants have put forth the "wrong standard" of willfulness is

incorrect. (<u>See</u> Pl.'s Br. 18.) <u>Safeco Ins. Co. of Am. v. Burr</u>, 551 U.S. 47, 127 S. Ct. 2201, 167

L. Ed. 2d 1045 (2007), provides that "willful," as used in the FCRA, refers to "reckless," and

that "recklessness" refers to "conduct violating an objective standard: action entailing 'an

unjustifiably high risk of harm that is either known or so obvious that is should be known.'" 551

U.S. at 57 and 68. This Court likewise has elaborated on the meaning of "willfulness,"

previously holding that "a defendant may willfully violate the FCRA by actions that are 'on the

same order as willful concealments or misrepresentations' . . . [made] in an effort to skirt the

requirements of the FCRA." <u>Price v. Trans Union, LLC</u>, 737 F. Supp. 2d. 281, 288-89 (E.D. Pa.

2010) (denying motion for partial summary judgment because record raised "a genuine issue of

material fact as to whether defendant violated Sections 1681e(b) . . . willfully, which is a much

higher standard than mere negligence.")

---

[5] <u>Cortez</u> also is distinguishable because the defendant communicated directly with the decisionmaker, which is not the circumstance here.

LA 51436609v4

To show that Defendants' alleged violations were "willful," Plaintiff relies on the same allegations he relies on to establish the Defendants' negligence and the allegation that Defendants "acted consciously in breaching their known duties and depriving Plaintiff . . . [his] rights under the FCRA." (Compl. ¶¶ 31-36, 37). At no point does Plaintiff allege any facts showing that Defendants' conduct meets the "much higher standard" of being "reckless." For example, he does not state the "objective standard" that Defendants supposedly violated, does not describe how Defendants' "action entail[ed] an unjustifiably high risk of harm" or that Defendants either knew of that risk or should have known of that risk because of its obviousness. Nor does Plaintiff plead any facts alleging that Defendants "willfully concealed or misrepresented information in an effort to skirt the requirements of the FCRA." Because he has not made allegations sufficient to show that Defendants "willfully" disregarded their obligations under either Section 1681e(b) or 1681k, Plaintiff's claims under Section 1681n should be dismissed.

///

///

///

LA 51436609v4

## III.    CONCLUSION

For the foregoing reasons and those set forth in the moving papers, Defendants

respectfully request that the Court dismiss the Complaint in its entirety.


Dated:  July 11, 2011                             Respectfully submitted,

                                                  _____/s/_ Bruce S. Luckman_____
                                                  BRUCE S. LUCKMAN
                                                  SHERMAN SILVERSTEIN KOHL ROSE &
                                                  PODOLSKY, P.A.
                                                  308 HARPER DRIVE, STE. 200
                                                  MOORESTOWN, NJ 08057
                                                  (865) 663-1503; FAX:  (856) 662-0165
                                                  bluckman@shermansilverstein.com

                                                  STROOCK & STROOCK & LAVAN LLP
                                                  JULIA B. STRICKLAND (PRO HAC VICE)
                                                  STEPHEN J. NEWMAN (PRO HAC VICE)
                                                  CATHERINE HUANG (PRO HAC VICE)
                                                  *Counsel for Defendant,*
                                                  *TransUnion LLC*

Dated:  July 11, 2011                             _____/s/_ William D'Annunzio_____
                                                  WILLIAM D'ANNUNZIO
                                                  GERMAN, GALLAGHER & MURTAGH
                                                  200 S. BROAD STREET, SUITE 500
                                                  PHILADELPHIA, PA 19102
                                                  (215) 875-4017; FAX:  (215) 732-4182
                                                  dannunziow@ggmfirm.com
                                                  *Counsel for Verifirst Background Screening,*
                                                  *LLC*

LA 51436609v4