UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LESLIE ELLIS THOMAS, on behalf of himself and all others similarly situated,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>VERIFIRST BACKGROUND SCREENING, LLC; TRANSUNION, LLC,<br><br>　　　　Defendants. | Case No. 2:11-cv-02461-PD |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE A SUR-REPLY**

Defendants, TransUnion LLC and Verifirst Background Screening, LLC ("Defendants"), hereby respond as follows to Plaintiff's "Motion for Leave to File a Sur-Reply Memorandum of Law in Opposition to Defendants' Reply in Further Support of Their Motion to Dismiss Plaintiff's Complaint" (the "Motion"). Defendants oppose Plaintiff's Motion because it relies, in part, on an originally-pleaded, but dismissed, claim for injunctive relief, and thereby violates the parties' stipulation as well as this Court's May 28, 2011 Order approving the dismissal of that claim. (See Dkt. 25.) Further, the Motion was filed without leave of Court or any prior meet-and-confer with counsel.

Moreover, the arguments presented in Plaintiff's proposed sur-reply are meritless for the following reasons:

- Defendants' Motion to Dismiss does not make a facial challenge to the constitutionality of the Fair Credit Reporting Act ("FCRA"). Rather, Defendants

-1-

seek dismissal of the claim as alleged in the Complaint on the grounds that it seeks to apply an interpretation of the FCRA that would be unconstitutional.

- As explained in Defendants' Reply memorandum, <u>Sorrell v. IMS Health, Inc.</u>, No. 10-779, 2011 WL 2472796 (U.S. June 23, 2011), was decided <u>after</u> the initial moving papers were filed, but <u>before</u> Plaintiff filed his opposition. Plaintiff should have addressed <u>Sorrell</u> in his opposition, but did not.

- <u>Sorrell</u> clearly contemplates that the legal principles set forth in the opinion apply in the context of credit reporting and similar industries wherein data is sold. The Supreme Court in <u>Sorrell</u> states that "the creation and dissemination of information are speech within the meaning of the First Amendment" and specifically cites to <u>Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.</u>, 472 U.S. 749, 105 S. Ct. 2939, 86 L. Ed. 953 (1985), for the proposition that a "credit report is 'speech.'" <u>Sorrell</u>, 2011 WL 2472796, at *12.

- Under <u>Sorrell</u>, the legal standard which must be applied here is "heightened judicial scrutiny." <u>Id.</u> at *8-10, 12. Plaintiff, however, still fails to explain how his proposed interpretation of the FCRA passes the test set forth in <u>Sorrell</u>. Plaintiff does not dispute that his liability theory would impose a prior restraint and other burdens on the distribution of data, based upon the identity of the speaker (a "consumer reporting agency," rather than anyone else) and the content of the speech (potentially "adverse" to the consumer, rather than potentially favorable to the consumer). This liability theory violates <u>Sorrell</u>.

- Plaintiff's arguments relating to <u>TransUnion Corp. v. FTC</u>, 245 F.3d 809 (D.C. Cir. 2001), are both incorrect and duplicative of arguments made in his

LA 51439963

Opposition. In addition to being superseded by <u>Sorrell</u>, <u>FTC</u> is out-of-circuit and thus not binding authority here. Moreover, as explained in Defendants' Reply (at 5-6), <u>FTC</u> is inapposite because there the data was neither <u>publicly-available</u> nor <u>concerned a public matter</u>. See <u>FTC</u>, 245 F.3d at 819. Here, by contrast, Defendants are being sued for transmitting data contained in public government records which is of great public interest.

- Defendants properly included a standing argument in their Reply to respond directly to arguments Plaintiff made in his Opposition. In any event, Plaintiff's lack of standing for each claim may be asserted at <u>any stage</u> in the proceedings, as this Court only has jurisdiction to entertain claims for which Plaintiff has standing. <u>Pub. Interest Research Group of N.J., Inc. v. Magnesium Elektron, Inc.</u>, 123 F.3d 111, 117 (3d Cir. 1997) (standing is "perhaps the most important of jurisdictional doctrines") (citing <u>FW/PBS Inc. v. City of Dallas</u>, 493 U.S. 215, 230, 110 S. Ct. 596, 107 L. Ed. 2d 603 (1990)).

- In his proposed sur-reply, Plaintiff does not respond on the merits to Defendants' standing challenge. As explained in the Reply, the allegations of the Complaint, when read in conjunction with the complaint Plaintiff filed in the related (but dismissed) action against Pyromet and Lorgus, establish that there was <u>no</u> causal link between the alleged violation of Section 1681k and the damages alleged.

- Moreover, on the Section 1681e(b) claim, Plaintiff's failure to plead what Lorgus told Pyromet – given that Verifirst indisputably communicated only <u>a question</u> to Lorgus, rather than a "match" – establishes that no inaccuracy has been pleaded, and (even if inaccuracy were pleaded) breaks the chain of legal causation

-3-

LA 51439963

because Plaintiff has not alleged concrete facts showing how the alleged inaccuracy actually resulted in his alleged denial of employment.  Plaintiff does not meaningfully address this point in his proposed sur-reply either.

Accordingly, Defendants respectfully request that this Court deny Plaintiff's Motion, and instead grant Defendants' Motion to Dismiss the Complaint.

Dated:  July 18, 2011

Respectfully submitted,

/s/ Bruce S. Luckman
BRUCE S. LUCKMAN
SHERMAN SILVERSTEIN KOHL ROSE & PODOLSKY, P.A.
308 HARPER DRIVE, STE. 200
MOORESTOWN, NJ 08057
(865) 663-1503; FAX:  (856) 662-0165
bluckman@shermansilverstein.com

STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND (PRO HAC VICE)
STEPHEN J. NEWMAN (PRO HAC VICE)
CATHERINE HUANG (PRO HAC VICE)
*Counsel for Defendant,*
*TransUnion LLC*

Dated:  July 18, 2011

/s/ William D'Annunzio
WILLIAM D'ANNUNZIO
GERMAN, GALLAGHER & MURTAGH
200 S. BROAD STREET, SUITE 500
PHILADELPHIA, PA 19102
(215) 875-4017; FAX:  (215) 732-4182
dannunziow@ggmfirm.com
*Counsel for Verifirst Background Screening, LLC*

LA 51439963